IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRICON ENTERPRISES, INC., <br><br> Petitioner, <br><br> v. <br><br> NEW JERSEY BUILDING LABORERS' STATEWIDE BENEFIT FUNDS, <br><br> Respondent. | Civil Action No. |

**VERIFIED PETITION TO VACATE ARBITRATION AWARD**

Petitioner Tricon Enterprises, Inc. ("Tricon"), by way of Verified Petition to Vacate Arbitration Award against Respondent New Jersey Building Laborers' Statewide Benefit Funds (the "Funds" or the "Respondent"), says:

**JURISDICTIONAL STATEMENT**

1. This Court possesses jurisdiction over this matter pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, since this action seeks to vacate a labor arbitration award pursuant to a Collective Bargaining Agreement.

2. This Court further possesses jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 2201, § 2202, the Declaratory Judgment Act of June 25, 1948 (62 Stat. 964, as amended) with powers to render a declaratory judgment and grant such other relief herein sought by interpreting the Collective Bargaining Agreement.

**VENUE**

3. Venue is properly made herein pursuant to 28 U.S.C. § 1391(b) and (c), 29 U.S.C. § 412, and 29 U.S.C. § 185(c) because Petitioner Tricon is a corporation of the State of New Jersey and Respondent, the Funds, maintains a principal place of business in New Jersey at 3218 Kennedy Blvd., Jersey City, NJ 07306. Venue properly lies in the District Court for the District of New Jersey as the

Petitioner resides in Monmouth County. Respondent resides in Middlesex County and the underlying arbitration took place in Middlesex County, New Jersey.

## PARTIES

4. At all times hereinafter set forth, Petitioner Tricon was and is an "Employer" as defined in 28 U.S.C. § 142(1) and (3) and § 152(2) of the Labor Management Relations Act ("LMRA") with a principal place of business located at 322 Beers Street, Keyport, NJ 07735.

5. At all times hereinafter set forth, Respondent was and is an employee benefit fund within the meaning of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. § 1132 (e) and (f) and administered at 3218 John F. Kennedy Blvd, Jersey City, NJ 07306.

## STATEMENT OF FACTS

6. Petitioner Tricon, a demolition contractor, by virtue of its signing various Short Form Agreements is signatory to the Collective Bargaining Agreements by and between the Northern New Jersey Building Laborers' District Council, Central New Jersey Building Laborers' District Council, Southern New Jersey Building Laborers' District Council and the Building, Site and General Construction Contractors and Employers," (hereinafter referred to as the "Local 3 Agreement") and the Trade Agreement Between Asbestos, Lead & Hazardous Waste Laborers Local 78 of the Laborers' International Union of North America and the Building Contractors Association of New Jersey (hereinafter referred to as the "Local 78 Agreement").

7. Pursuant to the Local 3 Agreement and Local 78 Agreement, Respondent audited Petitioner Tricon for the time period January 1, 2010 through December 31, 2012 and issued an Audit Report dated March 25, 2015.

8. The Audit Report alleged delinquent contributions owed by Respondent Tricon in the principal amount of $264,837.41, plus interest (which was calculated at $168,222.18, as of March 25, 2015) and audit costs $18,817.50.

9. Respondent's audit improperly included Petitioner Tricon's "yard" employees which employees were <u>not</u> covered by the Local 3 and Local 78 Agreements.

10. Accordingly, Petitioner Tricon disputed to the Audit.

11. As a result, Respondent filed for arbitration before Permanent Arbitrator J.J. Pierson and noticed an arbitration for October 28, 2015.

12. Prior to commencement of the Hearing, Petitioner Tricon, through its counsel, objected to the jurisdiction of Arbitrator J.J. Pierson on the grounds of substantive arbitrability. As the "yard" employees are not covered by the Local 3 and Local 78 Agreements, Petitioner Tricon did not agree to submit the matter to arbitration and there was no contract to arbitrate.

13. Arbitrator J.J. Pierson reserved on the issue of substantive arbitrability and conducted the Hearing and accepted Post-Hearing Briefs.

14. Throughout the arbitration proceedings, Petitioner Tricon offered evidence that the "yard" employees were not covered by the Local 3 Agreement and/or the Local 78 Agreement.

15. Radek Koreck, Business Agent for Laborers International Union of North America (LIUNA"), Local 78 gave an affidavit dated March 8, 2016 stating that he did not consider "yard work" to be covered by the Local 78 Agreement.

16. Edison Severino, Business Manager of LIUNA Local 78 also confirmed by letter dated April 20, 2016 that Petitioner Tricon's "yard is not covered by the collective bargaining agreement with Local 78. Accordingly, fringe benefit contributions are not due for the laborers employed there."

17. Al Castagna, Business Manager of LIUNA Local 3, by letter dated April 27, 2016, also confirmed that: "the work performed in the company's yard is not covered by the collective bargaining agreement with Local 3. Accordingly, fringe benefit contributions are not due for the laborers employed there."

18. Quite suspiciously and disingenuously, two days after submission of this April 27, 2016 letter (a letter that was consistent with the interpretations of Mr. Koreck and Mr. Severino of Local 78), Mr. Castagna wrote to Petitioner Tricon by letter dated April 29, 2016, and advised that he had "misspoke" and that now he believed that the yard work was covered by the Local 3 Agreement.

19. Notwithstanding Mr. Castagna's sudden and suspicious change, it is undisputed that up until April 29, 2016, and especially during the audit period of January 1, 2010 until December 31, 2012, Mr. Castagna's interpretation, practice and application with respect to the Local 3 Collective Bargaining Agreement was that Tricon's yard work was not covered.

20. Mr. Koreck and Mr. Severino continue to maintain to date that Petitioner Tricon's "yard" employees are not covered by the Local 78 Agreement so only Mr. Castagna changed his testimony that "yard work" was covered work.

21. On February 23, 2017, Arbitrator J.J. Pierson issued an award against Petitioner Tricon in the amount of $575,554.74.  A true and correct copy of said Findings of Audit, Collection and Award is attached hereto as Exhibit "A".

22. Over two thirds of said Award is attributable to claims for contributions on behalf of Petitioner Tricon's "yard" employees.

## CLAIM FOR RELIEF

31. As arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which it has not agreed so to submit, Petitioner Tricon petitions this Court to ascertain whether a valid agreement to arbitrate exists for Petitioner Tricon's "yard" employees and that the matter is substantively arbitrable.

32. The parties did not have a valid agreement to arbitrate because Petitioner Tricon's "yard" employees were not covered by the Local 3 and Local 78 Agreements.

33. The Arbitrator exceeded his authority and jurisdiction in hearing this matter as the parties had no agreement to arbitrate this dispute as the Local 3 and Local 78 Agreements pursuant to which the Respondent seeks contributions do not cover the "yard" employees which comprise a significant portion of the audit.

**WHEREFORE**, Petitioner Tricon demand judgment as follows:

1. Ordering that the Arbitrator J.J. Pierson's Arbitration Award issued on February 23, 2017 be vacated.

2. Ordering that the Court shall conduct an Evidentiary Hearing to determine whether Tricon's "yard" employees are covered by the Collective Bargaining Agreements;

3. Ordering the award of attorneys' fees and costs of suit incurred to Petitioner; and

4. Granting such other further relief as this Court may deem just and equitable.

Respectfully submitted,

JILL TOBIA SORGER  (JS-5898)
**TOBIA & SORGER ESQS., LLC**
500 Supor Blvd.
Harrison, NJ 07029
973-746-6000
RTobia@tobiasorger.com
Attorneys for Petitioner Tricon Enterprises, Inc.

*/s/ Jill Tobia Sorger*
JILL TOBIA SORGER

DATED: March 31, 2017

## CERTIFICATION IN LIEU OF OATH OR AFFIDAVIT

I have read the above Verified Petition and swear that the facts contained therein are true to the best of my knowledge, information and belief. I am aware that I am subject to punishment for false statements.

_____
JILL TOBIA SORGER

DATED:   March 31, 2017

## CERTIFICATION

**I HEREBY CERTIFY** that the matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated.

_____
JILL TOBIA SORGER

DATED:   March 31, 2017

- 7 -

## **DESIGNATION OF TRIAL COUNSEL**

Please take notice that Jill Tobia Sorger (JS-5898) is designated as trial counsel for the Petitioner Tricon Enterprises, Inc. in the above matter.

        Respectfully submitted,

        Jill Tobia Sorger, Esq. (JS-5898)
        **TOBIA & SORGER ESQS., LLC**
        500 Supor Blvd.
        Harrison, NJ 07029
        973-746-6000
        JSorger@tobiasorger.com
        Attorneys for Petitioner Tricon Enterprises, Inc.

BY: _____
        JILL TOBIA SORGER

DATED: March 31, 2017