

Metro Corporate Campus I
99 Wood Avenue South
Suite 307
Iselin, New Jersey 08830
Tel: 732-491-2100
Fax: 732-491-2120

ATTORNEYS
Albert G. Kroll *
Raymond G. Heineman, Jr. ▶
Michael T. Carton ■
Bradley M. Parsons
Seth Ptasiewicz ▶
Jennifer Chang ▲

A New Jersey Limited Liability Company

www.krollfirm.com

BAR ADMISSIONS
† NJ & PA Bar
▲ NJ & NY Bar
* NJ, PA & DC Bar
■ NJ, NY & DC Bar
▶ NJ, NY & PA Bar

June 2, 2017

**VIA ELECTRONIC FILING**
Hon. Claire C. Cecchi U.S.D.J.
United States District Court
Martin Luther King Jr. Federal
Building & U.S. Courthouse
50 Walnut Street
Courtroom MLK 5B
Newark, New Jersey 07102

    Re:    **Tricon Enterprises, Inc. v. New Jersey Building Laborers Statewide Benefit Funds**

           **Civil Action No.: 17-cv-2168 (JBC)(CCC)**

Dear Judge Cecchi:

    This Firm represents Respondent, New Jersey Building Laborers Statewide Benefit Funds ("Funds") in connection with the above-referenced matter. I write in response to Petitioner's June 1, 2017 filing, seeking entry of an order to: (1) adjourn the June 5, 2017 Motion date, relating to the Funds' Motion to Confirm an underlying arbitration award; (2) compel the depositions of Al Castagna, an employee of Building Construction Laborers Local 3, Radek Korek, an employee of Laborers Local 78 and Edison Severino, an employee of Local 78; and/or (3) to schedule a hearing to have the Court determine whether certain work was covered by the underlying Collective Bargaining Agreement.

    With respect to the request for adjournment, the Funds request that, if the Court accepts Petitioner's late opposition, the Funds be provided an opportunity to reply. With respect to the request to compel the depositions, the Funds answer that none of the subpoena'd individuals are parties to this litigation as the Funds are a distinct legal entity from the Union locals who employ them. Petitioner sent its subpoenas only to this Firm, which represents the Union employers of the subpoena targets, but does not represent them as individuals. Nor did this Firm agree to accept service of said subpoenas on their behalf. Accordingly, to my knowledge the subpoena targets have not yet been served.

    As to the request for a plenary hearing, the Funds stand on the reasoning advanced in its May 12, 2017 Motion briefing and answer that: (1) per the Federal Arbitration Act, petitions to confirm or vacate arbitration awards are intended to be summary proceedings, 9. U.S.C. s. 301, relying on the proofs adduced at the arbitration hearing; (2) all of the issues raised by Tricon's Petition are expressly and unambiguously committed to their CBA's arbitration procedures, which supplant their Declaratory Complaint. Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir.2005).

                                           Very truly yours,

                                           S/ *BRADLEY M. PARSONS*

                                           BRADLEY M. PARSONS

BMP:bmp
Enclosure
cc:    Tobia & Sorger, LLC (via electronic mail and electronic filing)

