| | LAW OFFICES | |
|---|---|---|
| **RONALD L. TOBIA** •∆ | | **TRENTON OFFICE** |
| **JILL TOBIA SORGER** •∆ ■ | **TOBIA & SORGER ESQS., LLC** | 172 W. State Street |
| | A Limited Liability Corporation of Lawyers | P.O. Box 2041 |
| | | Trenton, NJ 08607 |
| | 500 Supor Boulevard | 609-393-1442 |
| | Harrison, New Jersey 07029 | 609-393-1990 Fax |
| | ——— | |
| | 973-746-6000 | **FLORIDA OFFICE** |
| **BAR AFFILIATIONS** | Fax: 973-509-1578 | 4302 Hollywood Boulevard |
| **NJ BAR** • | | Suite 171 |
| **FLA BAR** ∆ | EMAIL: RTOBIA@TOBIASORGER.COM | Hollywood, FL 33021 |
| **NY BAR** ■ | EMAIL: JSORGER@TOBIASORGER.COM | 973-746-6000 |
| | | *Reply to: Harrison, NJ Office* |

June 5, 2017

Honorable Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street - MLK 5A
Newark, NJ 07101

**VIA ECF FILING**

**Re:** Tricon Enterprises, Inc. v. New Jersey Building Laborers' Statewide Benefit Funds
Civil Action No. NJD 2:17-cv-02168-CCC-JBC

Dear Judge Cecchi:

As you are aware, this office represents Tricon Enterprises, Inc. in connection with the above-referenced matter. I am writing you this letter in response to the letter of Bradley M. Parsons, Esq., dated June 2, 2017 filed with this Court.

First, I would like to establish that the relief sought in the Verified Petition to Vacate Arbitration Award filed March 31, 2017 requested a Declaratory Judgment on the issue of substantive arbitrability, which is always for this Honorable Court to decide, according to the precedent established in <u>Steelworkers v. Warrior & Gulf Navigation Co.</u>, 80 S. Ct. 1343, 1345 (1960). <u>See</u> also <u>United Steelworkers v. Warrior & Gulf Navigation Co.</u>, 363 U.S. 574, 582 (1960); <u>Steelworkers v. American Mfg. Co.</u>, 363 U.S. 564, 567 (1960); <u>Steelworkers v. Enterprise Wheel & Car Corp.</u>, 363 U.S. 593, 598 (1960) (hereinafter collectively referred to as the "Steelworkers Trilogy"). The Answer in this matter would have been due on April 21, 2017, however, the undersigned agreed to extend the time until May 12, 2017 to permit Mr. Parsons to file opposing papers. Mr. Parsons filed said papers, including a Cross Motion to Confirm the Arbitration. A reply would have been due on May 22, 2017. Due to the discussions and consensual extension between the parties, I did not consider that a reply was due on May 22, 2017. The date of June 5th was subsequently established by the Court as the return date on the Motion to Vacate and Cross-Motion to Confirm.

After reviewing, the papers in this matter, I realized that it would be necessary to request an adjournment of the June 5, 2017 date since I needed to file an appropriate response to the Cross Motion which would be late. On June 1, 2017, I filed said response and requested this Honorable Court to extend the return date to permit depositions of the appropriate individuals

Honorable Claire C. Cecchi
United States District Court
2 | Page
June 5, 2017

which are critical on the issue of substantive arbitrability.  Who is covered by the contract is a central issue for this Honorable Court on substantive arbitrability.  Tricon claims that its yard workers are not covered by the Collective Bargaining Agreement ("CBA") and the New Jersey Building Laborers' Statewide Benefit Funds ("NJLSBF") takes the opposite view even though their Locals agree with Tricon.  Tricon obtained correspondence from both the Business Managers and Agents of Laborers Local 78 and Laborers Local 3, confirming that the yard workers were not intended to be covered by the CBA.  In the case of Laborers Local 3, said confirmation was rescinded by Mr. Castagna of Laborers Local 3, days later.  This does not pass the "smell test" on credibility and truthfulness which would require Your Honor to permit depositions or to conduct a plenary hearing under the Steelworkers Trilogy and subsequent cases interpreting the same as to whether yard workers are covered by the CBA thereby permitting arbitration of the amounts due for yard workers.

      I am sorry for the confusion caused.  However, there is no prejudice or harm to the NJLSBF and I have cooperated in the past with Mr. Parsons in extending the time to file opposing papers.  Therefore, I should receive the same courtesies without Your Honor being involved.

                    Very truly yours,

                    TOBIA & SORGER ESQS., LLC

                    RONALD L. TOBIA (RT-9775)

RLT:deb
cc:    Tricon Enterprises, Inc. (Via Email)
       Bradley M. Parsons, Esq. (Via ECF)

**TOBIA & SORGER ESQS., LLC**
A Limited Liability Corporation of Lawyers

500 Supor Boulevard
Harrison, NJ 07029
973-746-6000
Fax: 973-509-1578

Email: rtobia@tobiasorger.com
Email: jsorger@tobiasorger.com
Z:\Docs\008007\10\A0175080.DOCX