

**KROLL HEINEMAN CARTON**
Attorneys-at-Law

A New Jersey Limited Liability Company

www.krollfirm.com

Metro Corporate Campus I
99 Wood Avenue South
Suite 307
Iselin, New Jersey 08830
Tel: 732-491-2100
Fax: 732-491-2120

ATTORNEYS
Albert G. Kroll *
Raymond G. Heineman, Jr. ◗
Michael T. Carton ■
Curtiss T. Jameson
Bradley M. Parsons
Seth Ptasiewicz ◗

BAR ADMISSIONS
† NJ & PA Bar
▲ NJ & NY Bar
* NJ, PA & DC Bar
■ NJ, NY & DC Bar
◗ NJ, NY & PA Bar

June 12, 2017

**VIA ELECTRONIC FILING**
Hon. Claire C. Cecchi U.S.D.J.
United States District Court
Martin Luther King Jr. Federal
Building & U.S. Courthouse
50 Walnut Street
Courtroom MLK 5B
Newark, New Jersey 07102

Re:   **Tricon Enterprises, Inc. v. New Jersey Building Laborers Statewide Benefit Funds**

   **Civil Action No.: 17-cv-2168 (JBC)(CCC)**

Dear Judge Cecchi:

This Firm represents Respondent, New Jersey Building Laborers Statewide Benefit Funds ("Funds") in connection with the above-referenced matter. I write in response to Petitioner's June 5, 2017 correspondence. Respondent does not object to Petitioner's late Opposition, however it was filed after the Motion's Reply date. Respondent would consent to adjournment of the Motion Date, to July 3, 2017, and a Reply date of June 26, 2017, in order to allow Respondent to file a Reply brief to substantively address the issues raised in Petitioner's Opposition affidavits. Notably, notwithstanding Petitioner's representations of her "understanding" of the CBA, it remains undisputed that the Local 3 CBA, the only CBA operating during the audit period reviewed by the arbitrator (as referenced in my Motion brief), expressly states that the "relationship of the parties is fully and exclusively set forth by [the CBA] and by no other means, oral or written," (see my Motion Certification, Ex. C, Art. 1.30, p. 3) and expressly includes the "yardwork" that Petitioner now disputes. With respect to any objection to the arbitrator's jurisdiction, the contracts signed by Petitioner are similarly clear. The Short Form Agreement (Parsons Cert., Ex. B) states that the Funds' permanent arbitrator "shall decide all matters concerning wages and benefits including all matters of procedural and substantive arbitrability." Also, by Petitioner's own admission, the "yardwork," although the only work disputed, does not account for all the work in the audit. Petitioner's estimate that it accounts for "two thirds" of the Award, has no basis in the fact record.

With respect to Petitioner's repeated requests for discovery, Respondent objects based on the reasoning in my June 2, 2017 letter to the Court: (1) per the Federal Arbitration Act, petitions to confirm or vacate arbitration awards are intended to be summary proceedings, 9. U.S.C. s. 301, relying on the proofs adduced at the arbitration hearing; (2) all of the issues raised by Tricon's Petition are expressly and unambiguously committed to their CBA's arbitration procedures, which supplant their Declaratory Complaint. Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir.2005).

Very truly yours,

S/ *BRADLEY M. PARSONS*

BRADLEY M. PARSONS

BMP:bmp
Enclosure
cc:   Tobia & Sorger, LLC (via electronic mail and electronic filing)

