**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRICON ENTERPRISES, INC., <br><br> Petitioner, <br><br> v. <br><br> NEW JERSEY BUILDING LABORERS' STATEWIDE BENEFIT FUNDS, <br><br> Respondent. | Civil Action No.: 2:17-cv-02168 <br><br><br> **OPINION** |

**CECCHI, District Judge.**

## I.  INTRODUCTION

This matter comes before the Court on Petitioner Tricon Enterprises, Inc.'s ("Petitioner") motion to vacate an arbitration award, (ECF No. 1), and Respondent New Jersey Building Laborers' Statewide Benefit Funds' ("Respondent") motion to confirm an arbitration award and cross-motion to dismiss Petitioner's "declaratory complaint." (ECF No. 10). The Court decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below,[1] the Court denies Petitioner's motion, grants Respondent's motion to confirm the arbitration award, and denies Respondent's cross-motion to dismiss Petitioner's "declaratory complaint" as moot.

## II.  BACKGROUND

This labor dispute arises out of an audit report issued by Respondent, which alleges that Petitioner "failed to make fringe benefit contributions to [Respondent], which were required per the terms of [Petitioner's] Collective Bargaining Agreement[]" (the "CBA")[2] from January 1, 2010

---

[1] The Court considers any new arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991).
[2] Although the parties reference two collective bargaining agreements in their submissions, there appears to be no dispute that the relevant collective bargaining agreement to this matter is docketed at ECF No. 23-1. (ECF Nos. 10 at 1; 19 at 1-2 (arguing in Petitioner's letter brief that the CBA

through December 31, 2012 (the "Audit Period") for various employees, including yard employees. (ECF No. 10 at 1; *see also* ECF No. 1 ¶ 7). Respondent seeks to confirm an arbitration award in the amount of $575,554.74, (ECF No. 1 ¶ 21), which upheld the findings of the audit report. (*See generally* ECF No. 10).

Petitioner's sole challenge to the arbitration award is that the arbitrator did not have the authority to determine whether yard employees were covered by the CBA. (ECF No. 1-2 at 1). The parties agree that the CBA compels arbitration in certain circumstances. However, Petitioner contends that "the Arbitrator did not have authority to arbitrate this dispute and issue said Award." (*Id.*). Respondent maintains that this matter is subject to arbitration because the language in the Short Form Agreements in effect during the Audit Period (the "SFAs") provide that "[t]he permanent arbitrator appointed by the Trustees of the funds shall decide all matters concerning wages and benefits including all matters of procedural and substantive arbitrability." (ECF No. 10-3 at 3, 4). The Court has jurisdiction under 29 U.S.C. § 185.

## III. LEGAL STANDARD

Petitioner seeks to vacate the arbitration award, while Respondent seeks to confirm the arbitration award. However, the only dispute between the parties is whether the award exceeds the arbitrator's authority because the underlying matter was not subject to arbitration. (*See* ECF No. 1 ¶ 33 ("The Arbitrator exceeded his authority and jurisdiction in hearing this matter as the

---

was not intended to cover yard employees, with no reference to the collective bargaining agreement docketed at ECF No. 10-5)). Petitioner's contention that the Court should not consider the CBA because it is not signed, (ECF No. 24), is without merit. The Short Form Agreements in effect during the Audit Period were signed by the parties and explicitly incorporated the CBA by reference. (ECF No. 10-3 at 3, 4; *see also* ECF No. 25). There is therefore no requirement that the CBA itself be signed. *See Bd. of Trs. of the Int'l Union of Operating Eng'rs Local 825 Pension Fund v. River Front Recycling Aggregate, LLC*, No. 15-8957, 2016 WL 6804869, at *4 (D.N.J. Nov. 16, 2016). Accordingly, the Court may properly consider the CBA.

parties had no agreement to arbitrate this dispute[.]")). Thus, the only issue before the Court is whether it was proper for the arbitrator to determine that yard employees were covered by the CBA.

When determining arbitrability arising out of a collective bargaining agreement, courts are to apply federal law contract principals to interpret the scope of that agreement, subject to any state law defenses. *See Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 179 (3d Cir. 1999) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)).

The Third Circuit recognizes the strong federal policies that favor arbitration of labor disputes. *See Rite Aid of Pa., Inc. v. United Food & Commercial Workers Union, Local 1776*, 595 F.3d 128, 131 (3d Cir. 2010). Moreover, it instructs that the key principals governing any arbitrability inquiry are that: (1) a party cannot be forced to arbitrate when it has not agreed to do so; (2) a court may not rule on the underlying merits when determining whether a dispute is arbitrable; and (3) when a contract contains an arbitration clause, there is a presumption that a dispute is arbitrable unless "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Lukens Steel Co. v. United Steelworkers of Am. (AFC-CIO)*, 989 F.2d 668, 672 (3d Cir. 1993) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)). In other words, when the arbitration clause is "broad," doubts with respect to arbitrability "should be resolved in favor of coverage." *Id.*; *see also Local 827, Int'l Bhd. of Elec. Workers, AFL-CIO v. Verizon N.J., Inc.*, 458 F.3d 305, 311 (3d Cir. 2006).

In light of these principals, the Third Circuit directs that courts should consider three questions when assessing whether a dispute is arbitrable: "(1) Does the present dispute come within the scope of the arbitration clause?[;] (2) does any other provision of the contract expressly

exclude this kind of dispute from arbitration?[;] and (3) is there any other 'forceful evidence' indicating that the parties intended such an exclusion?" *United Steelworkers of Am., AFL-CIO-CLC v. Hohm & Haas Co.*, 522 F.3d 324, 331 (3d Cir. 2008) (citations omitted).

> District courts have very little authority to upset arbitrators' awards . . . . "[C]ourts play an extremely limited role in resolving labor disputes." "A court may not overrule an arbitrator simply because it disagrees with the arbitrator's construction of the contract . . . or because it believes its interpretation of the contract is better than that of the arbitrator." Rather, "[a]s long as the arbitrator has arguably construed or applied the contract, the award must be enforced, regardless of the fact that a court is convinced that [the] arbitrator has committed a serious error." Thus, "there must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award." "[O]nly where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award."

*United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995) (citations omitted).

## IV.    DISCUSSION

Petitioner contends that "[t]he Arbitrator exceeded his authority and jurisdiction in hearing this matter as the parties had no agreement to arbitrate this dispute[.]" (ECF No. 1 ¶ 33). Respondent, in turn, argues that "[u]nder any reasonable reading of the contract operating between the parties, during the Audit Period . . . [Respondent's] audit findings, including the audit findings relating to 'yard work,' are clearly arbitrable." (ECF No. 10 at 13). As a preliminary matter, the Court notes that Petitioner's submissions do not address the arbitration clauses in the SFAs. Rather, Petitioner contends that this dispute is not subject to arbitration pursuant to the CBA. Because the CBA and SFAs were in effect during the Audit Period, the Court must consider all of the agreements in determining whether the Arbitrator exceeded his authority.

The Court finds that the parties' dispute comes within the scope of the arbitration clauses in the CBA and SFAs. There is no dispute that the parties entered into the June 18, 2007 SFA and

the July 2, 2010 SFA. (ECF No. 10-3 at 3-4). These SFAs were in effect during the Audit Period. (*Id.*). The arbitration clauses in these SFAs state that "[t]he permanent arbitrator appointed by the Trustees of the funds shall decide all matters concerning wages and benefits including all matters of procedural and substantive arbitrability." (*Id.*). Petitioner appears to argue that as a matter of law, the parties could not agree to arbitrate matters of substantive arbitrability. (ECF No. 1-2 at 2). The Court disagrees.

"Generally, the 'question of arbitrability . . . is undeniably an issue for judicial determination.'" *Jones Lang LaSalle Americas, Inc. v. Int'l Bhd. of Elec. Workers, Local 313*, No. 16-190, 2017 WL 2957816, at *3 (D. Del. July 11, 2017) (quoting *AT&T Techs., Inc.*, 475 U.S. at 649). "However, '[j]ust as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question "who has the primary power to decide arbitrability" turns upon what the parties agreed about *that* matter.'" *Id.* (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). "Courts should not find that parties agreed to arbitrate the question, of arbitrability '[u]nless the parties clearly and unmistakably provide otherwise.'" *Id.* (citations omitted). "The burden of overcoming the presumption is onerous, as it requires express contractual language unambiguously delegating the question of arbitrability to the arbitrator." *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746, 753 (3d Cir. 2016) (citations omitted).

As the Court previously observed, the SFAs state that "[t]he permanent arbitrator appointed by the Trustees of the funds shall decide all matters concerning wages and benefits including all matters of procedural and substantive arbitrability." (ECF No. 10-3 at 3-4). Petitioner's argument that "[t]he issue of whether Petitioner['s] . . . yard employees are covered by the CBA between Petitioner . . . and [Respondent] is clearly *not* an issue that falls within the ambit of the arbitration

5

clause[s] of the [CBA]," (ECF No. 1-2 at 4), is without merit. The SFAs provisions that "*all matters* concerning wages and benefits including *all matters* of procedural and *substantive* arbitrability" are subject to arbitration, (ECF No. 10-3 at 3, 4) (emphasis added), clearly encompasses the question of whether Petitioner was responsible for making fringe *benefit* contributions for yard employees under the CBA. While the Court agrees that whether yard employees fall within the scope of the CBA is a question of substantive arbitrability, the parties clearly and unmistakably agreed that such matters were delegated to the arbitrator to decide. Moreover, "once it is determined that a substantive dispute is arbitrable, normally the arbitrator has the authority to decide *all matters* necessary to dispose of the claim." *Fed. Kemper Ins. Co. v. Reager*, 810 F. Supp. 150, 155 (E.D. Pa. 1992) (emphasis added) (citations omitted). The SFAs' arbitration clauses plainly apply to this dispute, especially in light of the presumption of arbitrability. Accordingly, the Court finds Petitioner's arguments without merit.

Petitioner does not maintain that another provision of the CBA or SFAs expressly excludes this dispute from arbitration. Instead, Petitioner cites to three pieces of evidence in support of the contention that Petitioner's "yard employees were not intended to be covered by the" CBA.[3] (ECF No. 1-2 at 1). The question before the Court, however, is not whether the yard employees were intended to be covered by the CBA, but rather whether the arbitrator was foreclosed from determining that they were actually covered. Petitioner presents no evidence that making such a determination was outside the scope of the arbitrator's authority.

---

[3] This evidence includes: (1) a letter from Edison Severino, opining that a collective bargaining agreement not in effect during the Audit Period (the "Local 78 CBA") does not cover yard employees (ECF No. 1-1 Exhibit A); (2) an affidavit from Radek Korek, declaring that the same Local 78 CBA not in effect during the Audit Period does not cover yard employees (*id.* Exhibit D); and (3) a letter from Al Castagna, submitting that the CBA does not cover yard employees (*id.* Exhibit B (which was soon thereafter retracted in a subsequent letter as discussed below)).

6

Even assuming, arguendo, that the question before the Court was whether the yard employees were intended to be covered by the CBA, Petitioner points to no "forceful evidence" supporting this argument. *See United Steelworkers of Am.*, 522 F.3d at 331. With respect to the letter and affidavit that Petitioner submitted opining that the Local 78 CBA does not cover yard employees, (ECF No. 1-1 Exhibits A, D), the Court notes that the Local 78 CBA was not in effect during the Audit Period. Rather, it was the CBA at issue, not the Local 78 CBA, which governed the parties' relationship during this time. Moreover, although Petitioner submitted a letter from Al Castagna opining that the CBA does not cover yard employees, Mr. Castagna sent a follow-up letter two days later stating:

> Please be advised that I misspoke in my letter of April 27, 2016 regarding yard workers under the Building Laborers collective bargaining agreement. Under Article II, Section 2.10, under "Miscellaneous" all "yardmen, watchmen, guards, flagmen, the manning and servicing of all tool room," etc. does fall within the scope of work covered by the collective bargaining agreement. Accordingly, please disregard my previous letter. I am sorry for any inconvenience this error may have caused you.

(*Id.* Exhibit C). Finally, despite Petitioner's contention that "it is clear that up until April 29, 2016, and especially during the [A]udit [P]eriod . . . Mr. Castagna's interpretation, practice and application with respect to the [CBA] was that [Petitioner's] yard work was *not* covered," (ECF No. 19 at 2), Petitioner presents *no* evidence supporting this statement.

Based on the foregoing, the Court finds that the dispute was arbitrable, and will confirm the arbitration award.[4]

---

[4] Respondent also filed a cross-motion to dismiss Petitioner's "declaratory complaint." It is unclear to the Court whether Petitioner has requested a declaratory judgment; however, to the extent Petitioner has made such a request, it is denied. Having found that the parties unequivocally agreed to arbitrate both substantive and procedural disputes related to wages and benefits, the Court need not "conduct an Evidentiary Hearing to determine whether [Petitioner's] 'yard' employees are covered by the [CBA]." (ECF No. 1 at 5). Accordingly, Respondent's cross-motion is denied as moot. Moreover, Respondent also contends that Petitioner may be seeking a

## V.     CONCLUSION

For the reasons set forth above, the Court denies Petitioner's motion, grants Respondent's motion to confirm the arbitration award, and denies Respondent's cross-motion to dismiss Petitioner's "declaratory complaint" as moot.  An appropriate Order accompanies this Opinion.

DATED: Feb~y 27, 2018

_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

declaratory judgment with respect to the scope of the Local 78 CBA.  (ECF No. 10 at 24).  Because the Local 78 CBA is irrelevant to this matter, the Court also denies Respondent's cross-motion on these grounds as moot.